IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED AUG 13 2013 CLERK, U.S. DISTRICT COURT RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:07CR367–HEH–1
)
MARC A. BLIZZARD, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Marc A. Blizzard, a federal inmate proceeding *pro se*, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion. Blizzard has responded. The matter is ripe for disposition. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

In January of 2008, Blizzard pled guilty to possession with the intent to distribute cocaine, possession of a firearm by a convicted felon, and possession with the intent to distribute marijuana. (Plea Agreement (ECF No. 23) ¶ 1.) In April of 2008, the Court sentenced Blizzard to 151 months of imprisonment. (J. (ECF No. 32) 2.) Blizzard appealed.[1] On February 25, 2009, the United States Court of Appeals for the Fourth

---

[1] In his Plea Agreement, Blizzard waived the right to appeal any sentence within the statutory maximum. (Plea Agreement (ECF No. 23) ¶ 6.) Blizzard, however, reserved the right to appeal the Court's denial of a motion to suppress evidence. *Id.*

Circuit affirmed the decision of this Court. *United States v. Blizzard*, 313 F. App'x 620, 621, (4th Cir. 2009).

Blizzard mailed his § 2255 Motion to the Court on April 14, 2011.[2] (Mem. Law Supp. Mot. 28 U.S.C. § 2255 ("Mem. Supp. § 2255 Mot.") (ECF No. 45) 27.) In his § 2255 Motion, Blizzard contends that he received ineffective assistance of counsel for two reasons:

> Claim One: "[Blizzard] learned subsequent to his conviction and sentence by a guilty plea that defense attorney Mary K. Martin failed to put forth effective legal work for an *Anders*[3] Brief [thereby] allowing the appellate court to refuse [Blizzard's] direct appeal as a no[-]merit brief;" and,
>
> Claim Two: "[Blizzard's] conviction was obtained by a plea of guilty which was unlawfully induced[,] not made voluntarily[,] and [made] without the understanding [that] the consequences of the plea [included] sentencing [Blizzard] as [a] career offender under [United States Sentencing Guidelines] section 4B1.1."

(§ 2255 Mot. (ECF No. 44) 5–6.)[4] On February 13, 2012, the Court received a motion from Blizzard wherein he purports to challenge his sentence under Federal Rule of Civil

---

[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] The Court corrects spelling, italicization, and capitalization in quotations from Blizzard's submissions.

Procedure 60(b).[5] (ECF No. 57.) The Federal Rules of Civil Procedure, however, fail to serve as a procedural vehicle for challenging Blizzard's criminal conviction. *See United States v. Bernier*, 421 F. App'x 292, 293 (4th Cir. 2011).

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

---

[5] That statutes reads as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

3

> the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under 28 U.S.C. § 2255(f)(1), Blizzard's conviction became final on Tuesday, May 26, 2009, which was the last day on which he could have filed a petition for a writ of certiorari on direct appeal. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Blizzard then had one year, or until Wednesday, May 26, 2010, to file any motion under 28 U.S.C. § 2255. Blizzard neglected to file his § 2255 Motion until April 14, 2011. Because Blizzard failed to file his § 2255 Motion within the one-year limit, the statute of limitations bars the § 2255 Motion unless he demonstrates grounds for equitable tolling.[6] Blizzard argues that this Court should equitably toll the limitations period.

---

[6] Neither Blizzard nor the record suggests that grounds exist for a belated commencement under 28 U.S.C. § 2255(f)(2)–(4). For example, under 28 U.S.C. § 2255(f)(4), the statute of limitations begins running on the date when the factual predicate of the claim "could have been discovered through the exercise of due diligence." This standard precludes belated commencement on Blizzard's claims because he bases both of his claims on factual predicates that he could have discovered with due diligence either during the pendency of appeal to the Fourth Circuit or within the time frame for petitioning for certiorari. *See United States v. Carter*, 3:09CV121–HEH, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *accord* Part II.B.1. *infra* at 7 n.9.

4

### B. Equitable Tolling

Courts may apply equitable tolling to 28 U.S.C. § 2255 motions. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Nevertheless, only "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he or she fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). As explained below, Blizzard fails to meet this exacting standard.

#### 1. No Extraordinary Circumstances Prevented Blizzard from Filing on Time

Blizzard contends that the Court should equitably toll the limitation period for two reasons. First, "the district court could give [Blizzard] extra time to file his habeas corpus petition to account for time and effort lost when [Blizzard's] lead appointed counsel withdrew to take a different job." (Mem. Supp. § 2255 Mot. 4.) Second, "[Blizzard] requested counsel to appeal his criminal history pursuant to 4B1.1, and counsel failed to do so." (Pet'r's Resp. (ECF No. 55) 3 (as paginated by the Court's CM/ECF docketing system).) Essentially, Blizzard argues that he should enjoy equitable

5

tolling based on two attenuated suggestions of what, for the purposes of liberally construing Blizzard's *pro se* motion, will be called attorney negligence. Neither warrants equitable tolling.

### a. Counsel's Conduct

Blizzard's counsel withdrew from his case via a letter dated April 21, 2009 stating that she believed it frivolous to petition for a writ of certiorari with the United States Supreme Court. (Mem. Supp. § 2255 Mot. Attach. (ECF No. 45–1) 1.) Blizzard fails to establish a causal connection, however, between his attorney's withdrawal and the tardy filing of his § 2255 Motion.[7] Without a showing of causal connection, Blizzard fails to establish that his attorney's alleged negligence "prevented [the] timely filing" of his § 2255 Motion. *Holland*, 130 S. Ct. at 2562; *see Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Moreover, "a garden variety claim of excusable [attorney] neglect . . . does not warrant equitable tolling." *Holland*, 130 S. Ct. at 2564 (citations omitted) (internal quotation marks omitted). Rather, only attorney misconduct that is "egregious" or "extraordinary" warrants equitable tolling. *Id.* at 2563–64. Blizzard's case exhibits none of the egregious

---

[7] Blizzard does not contend that counsel's letter arrived after the one-year period of limitation expired for filing his § 2255 Motion. (*See* Mem. Supp. § 2255 Mot. Aff. (ECF No. 45–2) 1–2.) Instead, he swears that counsel's conduct impaired his ability to pursue a petition for a writ of certiorari. (*Id.* at 2.)

factors of *Holland*.[8] Blizzard's attorney gave notice when she withdrew, and Blizzard neither alleges that he asked for her help in filing his § 2255 Motion nor advances any facts indicating that she caused its untimeliness. Blizzard therefore fails to establish extraordinary circumstances based on his attorney's conduct at withdrawal.

### b. Counsel's Decision on Appeal

Blizzard's argument concerning his attorney's decision not to appeal his status as a career offender also fails to warrant equitable tolling. Blizzard again gives no explanation of how that decision by counsel prevented the timely filing of his § 2255 Motion. Thus, Blizzard again fails to establish the required causal connection between his attorney's alleged conduct and his habeas petition's untimely filing.[9] Blizzard therefore fails to demonstrate any extraordinary circumstances beyond his control that prevented the timely filing of his § 2255 Motion.

### 2. Blizzard's Lack of Diligence

In his § 2255 Motion and its accompanying memorandum, Blizzard asserts two claims: ineffective assistance of counsel on direct appeal, and unlawful inducement of his plea agreement. Despite the availability of Blizzard's claims at the finalization of his

---

[8] In *Holland*, the Court remanded to the Eleventh Circuit Court of Appeals the question of whether the petitioner's attorney's failure to "satisfy professional standards of care" rose to the level of extraordinary circumstances when the attorney neglected to answer many of the prisoner's letters, neglected to do the research necessary to determine the proper filing date for the prisoner's federal petition, and neglected to timely file the petition despite the prisoner's repeated emphasis on the importance of doing so. 130 S. Ct. at 2562–65.

[9] Similar to the argument about his attorney's withdrawal, Blizzard fails to specify the date on which he discovered that his attorney did not appeal his career offender status, and he fails to allege that he made any efforts to discover the status of his appeal at any time before the time limitation for filing his § 2255 Motion expired.

7

conviction on May 26, 2009, Blizzard waited almost two years to file his § 2255 Motion. Blizzard gives no account for his delay, and he advances no facts showing that he diligently pursued his rights in the interim. *See Pace*, 544 U.S. at 418–19 (holding that a petitioner failed to establish "the requisite diligence" when he waited years to assert his claims); *Yang*, 525 F.3d at 928 ("[A]n inmate bears a strong burden to show specific facts to support his claim . . . of due diligence." (alteration in original) (quoting *Brown*, 512 F.3d at 1307)). Thus, Blizzard fails to establish the requisite diligence for equitable tolling.

## III. CONCLUSION

Blizzard fails to demonstrate any basis for tolling the statute of limitations. Accordingly, the statute of limitations bars Blizzard's § 2255 Motion. The § 2255 Motion (ECF No. 44) will be denied. The Rule 60(b) Motion (ECF No. 57) will be denied. The Motion for an Evidentiary Hearing (ECF No. 62) will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Blizzard has not satisfied this standard. Accordingly, the Court will deny a COA.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 13, 2013
Richmond, Virginia